The opinion of the Court was delivered by
iNGLis, A. J.
The services for which the plaintiff seeks in this action to recover from the defendant appear, from the report before the Court, to have been rendered, if at all, in his capacity of deputy surveyor, while retained as such in the execution of a commission issued in a proceeding at law or in equity for the partition of the real estate of Epps. It occurred to this Court, upon the presentation of the case, as unusual and needing explanation, that for services so rendered a claim should be preferred by suit against an individual party. Commissioners appointed to make partition of land are required to “ return a general plat of the said lands, with a certificate thereon in writing,” “ describing the manner in which they have made” the partition, &c., and “ may, if they think necessary, call in to their aid one or more surveyors to run the lines of the said lands and also the division lines thereof.” (A. A. 1791, 5 Stat. 163; A. A. 1786, 4 Stat. 742; Witherspoon et al. vs. Dunlap, 1 McC. 546.) It would seem proper that whatever charges the plaintiff is entitled to make, under such circumstances, should have been taxed as part of the costs of the cause ; and it is not seen how there is a personal liability upon this defendant to make compensation for such services. The mere fact that he, or any one of the coparceners, made himself active in requesting the plaintiff to do the service, would not seem sufficient to make him personally respon *228 sible for that which would be a proper charge as costs in the cause. No such question has, however, been made, and the case must be disposed of on other grounds.
■ The plaintiff was also one of the commissioners'to whom the writ of partition was directed, and, as such, was, with his associates, acting in the execution of the commission, entitled to reasonable compensation for time and labor to be taxed, with the other "expenses incurred in making” the partition, as costs in the cause. The evidence in the case, as reported, does not make it satisfactorily clear that the first charge in the bill of particulars does not cover time spent and services rendered in his capacity of commissioner merely, as distinct from that of surveyor, and still less that time consumed in making the plats was not so covered, and thus a double or triple charge made for the same day’s work. The plaintiff’s own land adjoins the land to be surveyed ; the latter was, therefore, convenient of access to him; it had been already surveyed by him, and he was, therefore, familiar with the lines; and the whole area to be surveyed did not exceed one thousand acres. In such circumstances it seems doubtful at least whether five days could have been consumed in the mere fieldwork. The confusion which may easily thus arise to the injury of the parties, from combining in one person the distinct offices of commissioner and surveyor, constrains this Court to doubt the propriety of such combination, and while it cannot be said that it is unlawful, it may, with great confidence, be declared highly inexpedient.
There is nothing in the law prescribing the duties of commissioners in partition, which requires them to have made and to return into Court, distinct plats of the separated parcels of land allotted to the different dis-tributees. The last charge in the bill of particulars could not properly, therefore, be taxed as costs, in the partition cause. If the defendant is liable, it can only be on the *229 ground of bis promise, express or implied. But tbe proof is no more than that defendant requested tbe plaintiff to make separate plats for the heirs severally, “if it was customary.” This either referred to the duty of the commissioner acting under the authority of the Court, and meant if it was, under the law, a part of that duty, (which seems the most reasonable construction,) or, if a more liberal interpretation is adopted, it referred to the usage of surveyors in such cases, and in either view, it was an appeal to the professional knowledge of the plaintiff. There ought to have been evidence that it was customary, in whatever sense the Court thought was the true one, but here there is none to satisfy even that construction, which is most favorable to the plaintiff. '
■ The proposition stated in the appellant’s second ground is substantially correct. When one charges for work done at another’s request, and-the work is proved to have been so unskilfully, carelessly, or wrongly done, that the employer does by the. workman’s fault suffer injury, rather than realize the expected benefits, or so that, the labor proving wholly useless, the expense must be incurred a second time, this is, according to the circumstances, good •grounds for an abatement or in bar of the workman’s demand. The plaintiff was, at the time of the survey, owner of the land adjoining the land which he was surveying. While running the dividing line between these contiguous tracts, a controversy arose between the plaintiff and the heirs of Epps, as to the proper location of a corner thereon, the latter insisting that it was some fifteen steps distant from the spot at which the plaintiff located it. The plaintiff persisted, and made his survey and plat in conformity with his own claim, in opposition to the claim and interests of those he was serving, and whose interests he as an officer of the Court was bound impartially to protect. So soon as this conflict of interests was discovered, the plaintiff be *230 came incompetent for bis work, and should have instantly withdrawn, or on bis failure to do so, should have been discharged by the commissioners. A plat so made and returned into Court, if it is acquiesced in, and partition is made and confirmed accordingly, must, it will be readily seen, be a very strong and controlling piece of evidence in any future controversy between the plaintiff and the dis-tributee to whom the particular part of the land so involved in dispute should be assigned. The heirs of Epps are reduced to the dilemma of either submitting to a spoliation pro tanto of what they believe to be their patrimony, or of throwing away the plaintiff’s work, and incurring the expense of a new survey. It may be that the merits of the controversy between the plaintiff and the Epps heirs, as to the location of this disputed corner cannot be investigated, and the right determined in this incidental way, especially on the trial of an action in the summary process jurisdiction of the Court. But the fact of the controversy, and the existence of probable ground therefor, (as is alleged to be susceptible of easy proof here,) appearing, as its existence was indisputable cause for the discontinuance, at that point, of the plaintiff's services, would be good ground for disallowing all charges for services subsequently rendered. To show the occurrence of this controversy and the probable cause therefor on the Epps side, testimony ought to have been admitted.
It is the opinion of the Court that the defendant is entitled to a new trial, and it is so ordered.
Motion granted.
DüNKiN, C. J., and Waudlaw, A. •!., concurred.

Motion granted.